UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

RIVER LANES OF TITUSVLLE INC
d/b/a RIVER CITY BAR & GRILL,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, RIVER LANES OF TITUSVLLE INC d/b/a RIVER CITY BAR & GRILL (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a bar and grill located on or about 800 Cheney Hwy Titusville, FL 32780 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues throughout Florida including a son who is a minor league baseball athlete in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7. Pursuant to the Brevard Property Appraiser's Office, Defendant, RIVER LANES OF TITUSVLLE INC, is the owner and/or operator/manager of the real property located on or 800 Cheney Hwy Titusville, FL 32780 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

8. Defendant, RIVER LANES OF TITUSVLLE INC, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

9. According to the Brevard Tax Collector's Office/Florida Department of Business and Professional Regulation, the Defendant, RIVER LANES OF TITUSVLLE INC, was licensed to provide Permanent Food Service and Seating and occupies 800 Cheney Hwy Titusville, FL 32780 as a bar and grill known as "RIVER CITY BAR & GRILL".

10. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

11. Plaintiff recently visited the Subject Premises on or about January 10, 2023 to dine and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

12. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 16. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

13. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

14. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

16. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Entrance:

a. The plaintiff had difficulty identifying the facility as accessible as there is no signage with the international symbol of accessibility indicating accessibility posted at the main entrance. Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 and 703.7.2.1 of the 2010 ADA Standards. Recommendation: Provide signage with the international symbol of accessibility at the front entrance. Estimated Cost: Less than $75.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.3 and §216.6 and of the 2010 ADA Standards. Signs.

b. The plaintiff had difficulty identifying the facility as accessible as there is no signage with the international symbol of accessibility indicating accessibility posted at the main entrance. Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 and 703.7.2.1 of the 2010 ADA Standards. Recommendation: Provide signage with the international symbol of accessibility at the front entrance. Estimated Cost: Less than $75.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.3 and §216.6 and of the 2010 ADA Standards. Signs.

### Billiards and Bar Area:

c. The billiards and bar areas do not provide 5% of compliant seating as required making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with §902 as required by §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of the seating at the tables with knee and toe clearance at the compliant height of 28 inches minimum and 34 inches maximum as required. Estimated Cost: $300.00 per table and $2,000.00 for a compliant lowered section of the bar counter. The removal of this barrier is readily achievable as this barrier is cited as an example of readily

achievable in §226 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

**d.** The bar counters and tables are not at the compliant height of 34 inches maximum and 28 inches minimum above the finish floor. Violation: The bar counter and tables exceed the maximum height requirement of 34 inches and minimum height requirement of 28 inches making it difficult for the plaintiff to utilize the tables in violation of §902.3 of the 2010 ADA Standards. Recommendation: Provide at least 5% of the seating at the bar counter and tables at the compliant height as required. Estimated Cost: $300.00 per table and $2,000.00 for a compliant lowered section of the bar counter. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §902 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

**Men's Public Accessible Restroom:**

**e.** The height of the reflecting surface of the mirror above the lavatory in the men's restroom exceeds 40 inches making it difficult for the plaintiff to utilize. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor as required in §603.3 of the 2010 ADA Standards. Recommendation: Relocate the mirror so that the reflecting surface is less than 40 inches above the finished floor. Estimated Cost: less than $200.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.3 of the 2010 ADA Standards. Toilet and Bathing Room Mirrors.

**f.** The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines underneath the lavatory being exposed and in need of insulation. Violation: The drainpipe and water supply lines underneath the lavatory shall not be exposed and fully insulated to comply with §606.5 of the 2010 ADA Standards. Recommendation: Install insulation around the exposed drain pipe and water supply lines as required. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606 of the 2010 ADA Standards. Lavatories.

**g.** The trash receptacle is obstructing the clear floor space for a forward or side approach to the soap dispenser making it difficult

for the plaintiff to utilize. Violation: The clear floor or ground space shall be 30 inches minimum by 48 inches minimum as required by §305.3; Unless otherwise specified, clear floor or ground space shall be positioned for either a forward or parallel approach to an element pursuant to §305.3 and §305.5 of the 2010 ADA Standards. Recommendation: Relocate the trash receptacle to a location that does not obstruct the clear floor space at any of the elements in the toilet room. Estimated Cost: Less than $25.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §305.3 and §305.5 of the 2010 ADA Standards. Clear Floor or Ground Space, Size, Position.

**h.** The paper towel dispenser exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: The paper towel dispenser shall be located within one of the reach ranges complying with §308.2, §308.3, and 309.4 as required in §604.7 of the 2010 ADA Standards. Recommendation: Relocate or install a new paper towel dispenser at the compliant height not to exceed the maximum requirement of 48 inches above the finish floor. Estimated Cost: Less than $150.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.7 of the 2010 ADA Standards. Toilet Compartments.

**i.** The toilet compartment stall door is not self-closing making it difficult for the plaintiff to utilize. Violation: The toilet compartment stall door is not self-closing as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Provide a compliant toilet compartment stall door with a self-closer as required by §604.8. Estimated Cost: $500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartments. Doors.

**j.** The plaintiff had difficulty entering and exiting the toilet compartment stall because there are no door pulls on both sides of the stall door. Violation: A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Install u-shaped loop handles on both sides of

the stall door 34 inches minimum and 48 inches maximum above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartments. Doors.

### Public Accessible Unisex Restroom:

k. The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines underneath the lavatory being exposed and in need of insulation. Violation: The drainpipe and water supply lines underneath the lavatory shall not be exposed and fully insulated to comply with §606.5 of the 2010 ADA Standards. Recommendation: Install insulation around the exposed drain pipe and water supply lines as required. Estimated Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606 of the 2010 ADA Standards. Lavatories.

l. The trash receptacle is obstructing the minimum 30 inches of clear floor space of the lavatory making it difficult for the plaintiff to utilize.  Violation: A clear floor space complying with §305.3 positioned for a forward approach, and knee and toe clearance complying with §306 shall be provided.  Recommendation: Relocate the trash receptacle to provide a minimum of 30 inches by 48 inches of clear floor space for a forward approach to the lavatory.  Estimated Cost: $25.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606.2 of the 2010 ADA Standards. Lavatory. Clear Floor Space.

m. The trash receptacle is obstructing the clear floor space for a forward or side approach to the paper towel dispenser making it difficult for the plaintiff to utilize. Violation The clear floor or ground space shall be 30 inches minimum by 48 inches minimum as required by §305.3; Unless otherwise specified, clear floor or ground space shall be positioned for either forward or parallel approach to an element pursuant to §305.5 of the 2010 ADA Standards. Recommendation: Remove the trash receptacle to a location that does not obstruct the clear floor space at any of the elements in the toilet room. Estimated Cost: 25.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §305.3 and §305.5 of the 2010 ADA Standards. Clear Floor or Ground Space. Size. Position.

  **n.** The trash receptacle is obstructing the water closets required 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to utilize. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in §604.3.1 of the 2010 ADA Standards. Recommendation: Remove the trash receptacle to provide the required clearances. Estimated Cost: $0.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets.

  17. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

  18. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

  19. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial

resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

20. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

21. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of

similarly situated persons with disabilities and an advocate for asserting his own civil rights.  However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

22. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

23. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

24. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

25. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical

barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

26. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

27. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,
s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
*Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.

        33 SE 4th St., Ste. 100
        Boca Raton, Florida 33432
        (561) 571-0646
        WassenbergL@gmail.com

        <u>s/ Glenn R. Goldstein</u>
        Glenn R. Goldstein, Esq. (FBN: 55873)
           *Attorney for Plaintiff*
        Glenn R. Goldstein & Associates, PLLC
        8101 Biscayne Blvd., Ste. 504
        Miami, Florida 33138
        (561) 573-2106
        GGoldstein@G2Legal.net