## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RUDOLPH BETANCOURT,**

        **Plaintiff,**

**v.**                               **Case No: 6:23-cv-414-PGB-DCI**

**RIVER LANES OF TITUSVILLE INC,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant River Lanes of Titusville, Inc.'s ("**Defendant**") Amended Motion to Dismiss (Doc. 20 (the "**Motion**")) and Plaintiff Rudolph Betancourt's ("**Plaintiff**") response in opposition (Doc. 24 (the "**Response**")). Upon consideration, the Motion is due to be denied.

## I.    BACKGROUND[1]

Plaintiff brings this suit against Defendant seeking injunctive relief for various violations of Title III of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12181 *et seq.*

Plaintiff is a Marine Corps veteran and double leg amputee who relies on prosthetic devices or a wheelchair to ambulate. (Doc. 17, ¶ 5). Although a resident

---

[1]    This account of the facts comes from Plaintiff's First Amended Complaint (Doc. 17 (the "**Amended Complaint**")), which the Court accepts as true for the purposes of this Motion. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

of Fenwick, Michigan, Plaintiff "frequently travels" and often "visits Titusville, Florida because it is nearby and between [his] family in Deltona, FL and Stuart, FL . . . ." (*Id.* ¶¶ 4–6). On January 10, 2023, Plaintiff visited the River Lanes of Titusville (the "**Property**"), a bowling alley owned by Defendant, at the recommendation of his cousin. (*Id.* ¶¶ 11, 13).

While at the Property, Plaintiff encountered "physical barriers" and "dangerous conditions" at the Property's entrance, bar area, men's publicly available restroom, and unisex publicly available restroom. (*Id.* ¶ 19). While "deterred from returning" to the Property because of the alleged noncompliant conditions, Defendant intends to visit the Property in "May of 2023" and "would like to return and be able to enjoy the bowling alley with his family and/or friends." (*Id.* ¶¶ 14, 23, 25). Plaintiff is also an "advocate of the rights of . . . persons with disabilities" and "will return to the [Property] to . . . confirm and assure himself that the [Property] has been brought into compliance with the ADA . . . ." (*Id.* ¶¶ 24–25).

Accordingly, Plaintiff filed suit on March 8, 2023, seeking a permanent injunction pursuant to the ADA and attorney's fees. (Doc. 1).[2] Defendant now moves to dismiss Plaintiff's Amended Complaint for lack of standing. (Doc. 20); *see* FED. R. CIV. P. 12(b)(1). Plaintiff responded in opposition (Doc. 24), and the matter is now ripe for review.

---

[2]   In response to Defendant's initial Motion to Dismiss (Doc. 16), Plaintiff filed the operative Amended Complaint (Doc. 17) seeking the same relief but further detailing his respective allegations.

## II.    STANDARD OF REVIEW

Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is part of this limitation as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. *Id.* at 976. Courts "evaluate standing based on the facts alleged in the complaint." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

Motions to dismiss that assert a lack of standing equate to "challenge[s] to the [c]ourt's subject matter jurisdiction properly considered under Rule 12(b)(1)."[3] *Davis v. Portfolio Recovery Assocs., LLC*, No. 20-CV-1063, 2021 WL 4133733, at *3 (M.D. Fla. Sept. 10, 2021). Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, courts look to the face of the complaint, taking all allegations as true, and determine whether the plaintiff has sufficiently alleged standing. *Stalley*, 524 F.3d at 1232. Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947,

---

[3]   "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

951 (11th Cir. 2002). Factual attacks "challeng[e] the accuracy of the allegations, not their sufficiency." *Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1314 (M.D. Fla. 2010), *aff'd*, 444 F. App'x 412 (11th Cir. 2011).

## III.   DISCUSSION

Defendant moves to dismiss all of Plaintiff's Title III ADA claims on the grounds that Plaintiff lacks the requisite standing to bring an action for injunctive relief. (Doc. 20, p. 5). At this procedural juncture, the Court disagrees and finds Plaintiff has sufficiently alleged standing. The standing analysis for all of Plaintiff's claims is identical, and the Court will address each relevant element in turn.

### A.   Standard of Review: Facial vs. Factual Attack

Prior to addressing the existence of standing, the Court must first address the proper standard of review. Notably, Defendant did not indicate whether it intended to mount a facial or factual attack to subject matter jurisdiction.[4]

As the Eleventh Circuit has highlighted, the "two forms of attack differ substantially." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). While facial attacks afford plaintiffs "safeguards similar to those provided in opposing a Rule 12(b)(6) motion," factual attacks offer no presumption of truthfulness to plaintiffs' allegations and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

---

[4]   The Court notes that although unclear, Plaintiff seems to be under the impression that Defendant's Rule 12(b)(1) challenge is "based on the face of the pleadings" and thus, facial. (Doc. 24, p. 6 (quoting *Bowman v. G.F.C.H. Enters., Inc.*, No. 14-22651-CIV, 2014 WL 5341883, at *2 (S.D. Fla. Oct. 20, 2014))). This is important because Plaintiff should have sufficient notice in order to adequately defend his claims.

(quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).[5] Thus, the distinction between the types of attack matters for a number of reasons, namely that Plaintiff should be provided notice that the usual protections afforded by 12(b)(6) and 12(b)(1) would no longer apply to the instant Motion.[6] *See Cohan v. Tex. Roadhouse Holdings LLC*, No. 22-cv-14132, 2022 WL 7945499, at *2–3 (S.D. Fla. Oct. 13, 2022) (discussing how a challenge was appropriately considered factual because "[p]laintiff did not dispute [defendant's] characterization of its attack as a factual one, nor did he dispute the extrinsic fact alleged"); *see also Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) (highlighting that when responding to a factual attack, "the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction").

Ultimately, this Court construes Defendant's Rule 12(b)(1) challenge to subject matter jurisdiction as a facial attack. Accordingly, this Court looks solely to the face of the Complaint and exhibits attached thereto to determine whether Plaintiff plausibly shows that standing exists. *See Stalley*, 524 F.3d at 1232–33; *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting

---

[5]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

[6]   *Compare Lawrence*, 919 F.2d at 1529 ("On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."), *with id.* (quoting *Williamson*, 645 F.2d at 412) (contrasting facial attacks to challenges that are factual and thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims").

*GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).[7] Such a conclusion as to the requisite standard of review has various implications on Defendant's substantive standing arguments. *See, e.g.*, *Kennedy v. Solano*, No. 17-cv-605, 2018 WL 10016142, at *1–2 (M.D. Fla. Jan. 18, 2018), *aff'd*, 735 F. App'x 653 (11th Cir. 2018); *Lawrence*, 919 F.2d at 1529.

For instance, to demonstrate Plaintiff does not have standing, Defendant analogizes to *Solano*, a case in which the court construed the defendants' 12(b)(1) challenge to subject matter jurisdiction as a factual attack. 2018 WL 10016142, at *1–2.[8] Alas, *Solano* is procedurally inapposite—the *Solano* court deemed the defendants' motion to dismiss as a factual attack on the court's subject matter jurisdiction, thus employing a different standard of review than applied in the present case. *Id.* The *Solano* defendants' motion to dismiss, filed after a motion for summary judgment, explicitly acknowledged the distinction between facial and factual attacks. (*See* Case No. 6:17-cv-605, Doc. 47). Moreover, the defendants also attached an affidavit contesting evidence outside of the plaintiff's amended complaint. (*See id.*). Thus, the *Solano* court conducted the far more scrutinizing

---

[7]   Defendant asserts that "[t]he burden to establish that this Court has subject matter jurisdiction over the Plaintiff is by a preponderance of the evidence." (Doc. 20, p. 4). However, this is only true of factual attacks. *Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1252 (M.D. Fla. 2003) ("When standing is challenged on a *factual basis*, the plaintiff must demonstrate that standing exists by a preponderance of the evidence.") (emphasis added).

[8]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

analysis that accompanies a factual attack in its discussion of standing. 2018 WL 10016142, at *1–2.

Conversely, in the present case, Defendant neither attempted to invoke evidence outside of Plaintiff's Amended Complaint to support its argument nor moved for summary judgment before filing its 12(b)(1) challenge. *E.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)[9] (noting that a moving party can "convert[] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court"). In fact, neither the Defendant nor the Plaintiff even acknowledge the existence of both standards of review. *See, e.g.*, *Wichansky v. Zoel Holding Co., Inc.*, 702 F. App'x 559, 560–61 (9th Cir. 2017) ("[N]either [party] appears to have contemplated that the court would resolve this issue on an exclusively factual basis" and doing so "on the basis of an ambiguous motion denie[s] [the plaintiff] adequate notice and opportunity to bring forward factual matters pertinent to the dispositive issue . . . .").

Simply put, Defendant does not characterize its challenge as a factual one, nor does it make any reference to the distinction between facial and factual attacks. Defendant does not even attach separate affidavits, depositions, or anything of that nature to support its argument. *Carmichael*, 572 F.3d at 1279. Accordingly, Plaintiff was not sufficiently on notice of Defendant's attempt, if at all, to challenge

---

[9]   In *Savage,* the court found that the defendant initiated a factual attack because "[b]oth parties supplied affidavits and public documents in support of their positions regarding the motion to dismiss." 343 F.3d at 1039.

standing on a factual basis. Moreover, the sufficiency, as opposed to the accuracy, of Plaintiff's allegations is the crux of Defendant's Motion. *See Norkunas*, 720 F. Supp. at 1314. Thus, the Court construes the Motion as a facial attack to subject matter jurisdiction. Accordingly, "[a]lthough there may be a dispute about whether the facts alleged in the Amended Complaint are the actual facts, the Court must draw 'all reasonable inferences in the plaintiff's favor'" at this stage in the litigation. *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1224 (M.D. Fla. 2012) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

### B.   Standing

The Court now turns to Plaintiff's standing to bring this action. To establish standing, a plaintiff must allege: (1) injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely the injury will be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). An injury-in-fact must be "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560. In the ADA context, when seeking prospective, injunctive relief, a plaintiff must also plausibly show that he or she will suffer disability discrimination by the defendant in the future. *Houston*, 733 F.3d at 1328. This means that the threat of future injury must be "real and immediate—as opposed to merely conjectural or hypothetical." *Id.*

Here, Plaintiff meets the first two elements of standing. First, Plaintiff has sufficiently shown an injury-in-fact based on the barriers he faced at the Property.

(Doc. 17, ¶ 19). Plaintiff listed a number of barriers that he contends violate the ADA and "limited Plaintiff's ability (because of his disability) to access." (*Id.*). For example, Plaintiff alleges the billiards and bar area did not provide compliant seating, making it difficult for Plaintiff to utilize, along with various other architectural barriers that prevented Plaintiff from "full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations" of the Property. (*Id.*). Accordingly, Plaintiff has sufficiently alleged—and at the very least, the court can reasonably infer—that his specific encounters with barriers at the Property led to injury. *See, e.g.*, *Norkunas*, 720 F. Supp. at 1320. What is more, Plaintiff is plausibly "deterred from returning" to the Property in the future due to the non-compliant barriers, thus establishing a "cognizable interest for purposes of standing." *Hoewischer*, 877 F. Supp. 2d at 1222 (citation and quotation marks omitted); (Doc. 17, ¶ 25).

Second, Plaintiff easily satisfies causation because his alleged injury-in-fact occurred at the Property where he encountered those barriers. *See De Palo v. Walker Ford Co.*, No. 15-cv-169, 2015 WL 4506890, at *3 (M.D. Fla. July 23, 2015).

Finally, Plaintiff must demonstrate that his injury "will be redressed by a favorable decision." *See Houston*, 733 F.3d at 1328. To establish the requisite "real and immediate threat of future injury," a plaintiff pursuing injunctive relief "under Title III either must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'" *Id.* at 1336 (first quoting *O'Shea v. Littleton*,

414 U.S. 488, 496 (1974); and then quoting *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001)).

Analyzing the threat of future discrimination frequently turns on four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *See Hoewischer*, 877 F. Supp. 2d at 1223. The standing determination for a plaintiff seeking injunctive relief is a "fact-sensitive inquiry . . . ." *Houston*, 733 F.3d at 1340. "District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of injury" and while courts consider "each of the four factors . . . no single factor is dispositive." *Id.* at 1337 n.6.

The first factor weighs in favor of Plaintiff. *See Hoewischer*, 877 F. Supp. 2d at 1223. While his home in Fenwick, Michigan is "is roughly some 1200 miles away" and the Eleventh Circuit has suggested that significant distance tends to reduce the chances of future injury, Plaintiff articulates plausible and particular reasons to return. (Doc 17, ¶ 4; Doc. 20, p. 5); *see Houston*, 733 F.3d at 1337 (finding standing where plaintiff lived 30.5 miles from the defendant's business, but noting, "[o]f course, different facts may demand a different conclusion" had the plaintiff lived "hundreds of miles away from the store *with no particular reason to return*") (emphasis added). Plaintiff "visits Titusville, Florida because it is nearby and

between Plaintiff's family in Deltona, FL and Stuart, FL"[10] and "would like to return and be able to enjoy the [Property] with his family and/or friends." (Doc 17, ¶¶ 5, 14). Despite the significant distance between Plaintiff's residence in Michigan and the Property in Florida, the Plaintiff has plausibly shown a likelihood of real and imminent injury based on his connections to family near Defendant's Property and his explicitly stated intention to return, on a specific date no less.[11]

Second, Plaintiff's lack of past patronage weighs against him. *See Hoewischer*, 877 F. Supp. 2d at 1223. At the time Plaintiff initiated this action, he alleged only one visit to the Property, occurring on January 10, 2023. (Doc. 17, ¶ 11). Having visited the Property merely once before filing, Plaintiff has not shown sufficient past patronage. *Cf. Kennedy v. Schling LLC*, No. 17-cv-74, 2017 WL

---

[10]   The Court notes that Plaintiff's Response does not accurately quote this sentence from the Amended Complaint. (*Compare* Doc. 17, ¶ 5 ("Plaintiff *visits* Titusville, Florida because it is nearby and *between* Plaintiff's family in Deltona, FL and Stuart, FL . . . .") (emphasis added), *with* Doc. 24, p. 8 ("Plaintiff *stays* in Titusville, Florida because it is nearby and *sort of a 'middle ground'* between Plaintiff's family in Deltona, FL and Stuart, FL . . . .") (emphasis added)). Changing "visits" to "stays" implies an even stronger connection to the area, which would bolster Plaintiff's argument for standing because it increases the odds of future injury. However, a complaint's sufficiency is "evaluated based on its contents [alone], not those of a subsequent memorandum of law." *SE Prop. Holdings, LLC v. Braswell*, No. CIV.A. 13-0267, 2013 WL 4498700, at *5 n.6 (S.D. Ala. Aug. 21, 2013). Nonetheless, Plaintiff has sufficiently met his requisite burden by alleging "visits," irrespective of the newly presented allegation that he "stays" in Titusville. (Doc. 17, ¶ 5; Doc. 24, p. 8).

[11]   Defendant evokes procedurally inapposite caselaw to argue that Plaintiff's connections to the area are too geographically distant from the property. *See Rosenkrantz*, 254 F. Supp. 2d at 1253 ("The fact that [plaintiff's] sister-in-law lives twenty (20) miles from" the location of the defendant's property "by itself does not support a likelihood of real and immediate injury"). In *Rosenkrantz*, defendants made "a factual challenge in their renewed motion to Plaintiff's standing," and thus, "no presumption of truthfulness attache[d] to allegations in [the] complaint." *Id.* at 1252. As discussed in detail herein, the instant Motion presents a mere facial attack, rendering the present analogy to *Rosenkrantz* largely unpersuasive.

6597119, at *7 (M.D. Fla. Nov. 14, 2017) (finding that four previous visits at the time of filing did not establish sufficient frequency for standing).

The third factor tilts in favor of Plaintiff. *See Hoewischer*, 877 F. Supp. 2d at 1223. In his Amended Complaint, Plaintiff discusses an intention "to return and be able to enjoy the [Property] with his family and/or friends" and a visit to the Property "in May of 2023 . . . ." (Doc 17, ¶¶ 14, 23). Considering Plaintiff's family connection and stated intent to return to the area, the Court finds it plausible that he will return. (*Id.*). Plaintiff has no specific connection to Titusville, but it is between two cities in which Plaintiff has familial ties. *Cf. Houston*, 733 F.3d at 1336 (despite plaintiff's distance from the defendant's property, plaintiff had standing because the property at issue was on the way to his attorney's office in Miami, which he had reason to visit with frequency). Moreover, Plaintiff's motive to "return . . . to confirm and assure himself that the [Property] has been brought into compliance with the ADA and *maintained* in compliance" has been recognized as legitimate by the Eleventh Circuit in tandem with other facts demonstrating a plaintiff's concrete plan to return to a property. (Doc 17, ¶ 24 (emphasis in original)); *see Houston*, 733 F.3d at 1336.[12]

The fourth factor weighs in Plaintiff's favor. *See Hoewischer*, 877 F. Supp. 2d at 1223. In the Amended Complaint, Plaintiff avers that he has "visited Titusville

---

[12] Defendant cites caselaw with broadly similar factual scenarios where courts have weighed the third factor against the plaintiff. (Doc. 20, pp. 8–10). However, the cited cases are highly distinguishable from the present case on key procedural issues. *See Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (questioning the factual credibility of the plaintiff's claims because the defendant asserted a factual challenge).

in the past couple years" and "frequently visits" Florida. (Doc. 17, ¶¶ 5, 12). In fact, Defendant delineates the numerous trips he has taken to Florida over the past three years, many of which are near Defendant's property, in his Response. (Doc. 24, p. 2). Taken as true and viewing the allegations in the light most favorable to Plaintiff, Plaintiff sufficiently demonstrates frequent travel to Titusville and the surrounding area.[13]

Considering the totality of the factors, the Court finds Plaintiff has met his burden of establishing standing at the present juncture.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Amended Motion to Dismiss (Doc. 20) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on July 7, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[13]   Again, Defendant mistakenly glosses over the different standards of review in arguing that allegations of frequent travel to an area do not satisfy the fourth factor, rendering comparisons to the respective cases largely unpersuasive. (*See* Doc. 20, p. 11 (citing *Kennedy v. Beachside Com. Props., LLC*, No. 17-cv-1047, 2017 WL 4243584, at *2 (M.D. Fla. Sept. 25, 2017), *aff'd sub nom.* 732 F. App'x 817 (11th Cir. 2018) (construing "[d]efendants' challenge as a factual attack" which means the court "is therefore not bound to weigh [p]laintiff's allegations in her [a]mended [c]omplaint in the light most favorable to her."))).