**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RUDOLPH BETANCOURT,**

        **Plaintiff,**

v.                                                 **Case No: 6:23-cv-414-PGB-DCI**

**RIVER LANES OF TITUSVILLE
INC,**

        **Defendant.**
_____/

## **ORDER**

This cause comes before the Court on Defendant River Lanes of Titusville Inc.'s ("**Defendant**") Second Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 33 (the "**Second Motion to Dismiss**")).[1] Upon consideration, the Motion is due to be stricken.

Considering the Court just recently denied a nearly identical Amended Motion to Dismiss in the instant case, the Court's reiteration of the background will be brief. (Doc. 29; *see* Doc. 20 (the "**Amended Motion to Dismiss**")). Plaintiff Rudolph Betancourt ("**Plaintiff**") filed this suit on March 8, 2023, seeking a permanent injunction pursuant to the ADA and attorney's fees. (Doc. 1). Defendant filed its first Motion to Dismiss (Doc. 16), and Plaintiff responded by

---

[1]  The Court does not require Plaintiff's response.

filing the operative Amended Complaint (Doc. 17), requesting the same relief but further detailing his respective allegations.

Ultimately, Defendant filed an Amended Motion to Dismiss Plaintiff's Amended Complaint, arguing Plaintiff lacked standing pursuant to Federal Rule of Civil Procedure 12(b)(1)—notably, however, without clearly specifying whether Defendant intended to mount a facial or factual attack to subject matter jurisdiction. (Doc. 20). Nevertheless, the Court construed the aforementioned motion as a facial attack for various reasons, and accordingly, on July 7, 2023, denied the Amended Motion to Dismiss. (Doc. 29). Now, a mere thirteen days later, Defendant requests a second bite at the apple, filing a Second Motion to Dismiss Plaintiff's Amended Complaint—this time, explicitly requesting that the court apply a 12(b)(1) factual standard in analyzing subject matter jurisdiction. (Doc. 33).

Alas, the Court takes issue with this for a number of reasons. For one, Defendant has provided the Court with nothing that the Court did not have roughly two weeks ago upon ruling on Defendant's prior Amended Motion to Dismiss. When factual attacks are raised, courts should "consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). In other words, upon a factual attack, the Court itself weighs the facts to determine its power to hear the case. *See id.*; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). Here, however, there are essentially no "facts" to even weigh as Defendant has yet to submit any evidence

2

outside of the pleadings for the Court to consider. And, irrespective of expert reports submitted pursuant to the Court's ADA Scheduling Order (Doc. 4), discovery has yet to begin.

Surely, the Court recognizes that subject matter jurisdiction can never be waived. *E.g.*, FED. R. CIV. P. 12; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). However, the Court has already conducted a thorough facial analysis—as inherently requested by Defendant's failure to specify otherwise in its prior Amended Motion to Dismiss—to find Plaintiff has standing at this juncture. (Docs. 20, 29). Moreover, "dismissal for lack of subject matter jurisdiction prior to trial, and certainly prior to giving the plaintiff ample opportunity for discovery, should be granted sparingly." *Taylor v. Gazolio, Inc.*, No. 12-61151-CIV, 2012 WL 3683517, at *1 (S.D. Fla. Aug. 24, 2012) (quoting *Chatham Condo. Assoc. v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979));[2] *Perdomo v. Classic Billiards, I, Inc.*, No. 06-61663-CIVCOHN, 2007 WL 461298, at *2 (S.D. Fla. Feb. 7, 2007) (concluding that even if the motion presented a factual attack to subject matter jurisdiction, it should be denied to allow plaintiff the opportunity to adequately conduct discovery—provided that defendant be "free, of course, to raise the issue again at the summary judgment stage of the litigation").

Simply put, the Court finds Defendant has, again, not properly presented a factual attack. Instead, Defendant is merely requesting a mulligan. Alas, those only

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

3

apply in golf—not civil litigation. As such, discovery is just par for the course. Accordingly, Defendant is free to renew its factual attack on subject matter jurisdiction after it conducts discovery if it still believes such an attack is warranted. *See, e.g.*, *Thome v. Sayer L. Grp., P.C.*, No. 20-CV-3058, 2021 WL 6144691, at *10 (N.D. Iowa Apr. 30, 2021); *Moss v. Sal Lapio, Inc.*, 467 F. Supp. 3d 259, 266 (E.D. Pa. 2020) (concluding the court had subject matter jurisdiction over plaintiff's claims based on the present record but defendants could "raise the issue [again] after completion of discovery by motion for summary judgment and/or at trial").

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Second Motion to Dismiss Plaintiff's Amended Complaint (Doc. 33) is **STRICKEN**.

**DONE AND ORDERED** in Orlando, Florida on July 21, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties